IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | Criminal No. 7:15CR00043-003 |
| | : | |
| AUDREY OBIN | : | |
| **Defendant** | : | |

## POSITION OF THE UNITED STATES ON SENTENCING

The United States of America, by and through its undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual ("Guidelines" or "USSG"), respectfully files this Position of the United States With Respect to Sentencing of Defendant AUDREY OBIN ("OBIN" or "Defendant").

### I. INTRODUCTION

On May 28, 2015, OBIN was indicted on a multiple count indictment charging him with conspiracy, three counts of theft of government funds, and three counts of aggravated identity fraud. OBIN entered a guilty plea on March 1, 2016, to Count One of the Indictment, which charged a multiple object conspiracy in violation of 18 USC Section 371. The United States Probation Office has prepared a Presentence Report which correctly calculates sentencing Guideline Range and Criminal History.

Sentencing Guideline Section 2T1.9, impeding and impairing the Internal Revenue Service, provides for a Base Offense Level of 16, given the intended tax loss of over $200,000. Two points were added to the base level, based upon the Defendant's use of a special skill the significantly facilitated the commission and concealment of the offense. USSG §3B1.3. As such, OBIN'S total offense level is 15, after a three level reduction for timely acceptance of

1

responsibility. *See* Final Presentence Report ("PSR") at pgs. 7-8, ¶s 23-32. OBIN's Criminal History Category is I and his advisory Sentence Guideline range is 18 to 24 months. In the Plea Agreement, the Defendant and the United States agreed to a tax loss of more than $15,000, which was taken from the tax returns the Defendant. PSR at p. 11, ¶s 52-53. The United States has filed a motion for substantial assistance and will provide details at the sentencing hearing for the Court to evaluate.

For the reasons set forth below, the United States recommends that the Court: (1) sentence the defendant to a term of incarceration at the low end of the applicable guidelines range; (2) accord the Defendant a departure for his substantial assistance; (3) impose a three-year term of supervised release; and (4) as a special condition of supervised release, that the Defendant cooperate with the Internal Revenue Service in collection of funds lost as a result of the conspiracy. Such a sentence would be sufficient, and not greater than necessary, to accomplish the sentencing objectives identified in 18 U.S.C. §3553(a). The United States will move to dismiss the remaining Counts contained in the Indictment at the sentencing hearing.

## II. FACTUAL BACKGROUND

Beginning in as early as 2012, Darold Daniel and Agwel Fayette, a married couple residing in Roanoke, engaged in a scheme to obtain the personally identifying information (PII) of individuals in the Roanoke Area. The PII was used to prepare and file false tax returns for refunds.

Some of the PII was provided to OBIN in Miami, Florida where he prepared false tax returns. OBIN operated a tax preparation business. He obtained the refunds and deducted a $700 preparation fee. The remaining proceeds were sent to Daniel's and Fayette's Roanoke address.

### III.   OTHER SENTENCING FACTORS

As discussed below, the 18 U.S.C. § 3553(a) factors dictate a sentence within the applicable sentencing guideline range.  Since the *Booker* opinion, the Sentencing Court has discretion in selecting the appropriate sentence, "[a]s a matter of administration and to secure nationwide consistency, the advisory Sentencing Guidelines should be the starting point and the initial benchmark" in determining the appropriate sentence.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  The Fourth Circuit has stated it even more strongly, describing the Guideline offense level as "the *crucial* 'starting point,' as well as the 'initial benchmark'" in the sentencing process.  *United States v. Lewis*, 606 F.3d 193, 199 (4th Cir. 2010) (quoting *Gall*, 522 U.S. at 49) (emphasis added).  The Fourth Circuit has stated that, "although a sentencing court retains significant flexibility to impose a variance sentence outside the advisory Guidelines range, the Court's stated reasons for doing so must be 'sufficiently compelling to support the degree of the variance.'"  *Id.* at 201 (quoting *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010)).  As such, the Guideline offense level serves as an "important anchor" from which a sentencing court should drift only with compelling reasons.  *See id.* at 201-03.

1. **Nature and Circumstances of the Offense**

OBIN prepared multiple tax returns for refund.  The returns contained false information and credits in order to increase refund amount.  The PII was supplied to him by the co-conspirators and he never had any contact with the individuals whose returns he prepared.

2. **Seriousness of the Offense and Need to Promote Respect for the Law**

OBIN's conduct shows a lack of respect for the law.  He used his tax preparation business as a conduit to file false tax returns.

3

### 3. Afford Adequate Deterrence

The legislative history of the adoption of 18 U.S.C. § 3553 establishes that Congress viewed deterrence as "particularly important in the area of white collar crime." S.Rep. No. 98–225, at 76 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3259. Congress expressed their concern that prior to the Sentencing Guidelines, "[m]ajor white collar criminals often [were] sentenced to small fines and little or no imprisonment. Unfortunately, this creates the impression that certain offenses are punishable only by a small fine that can be written off as a cost of doing business." *Id.*

General deterrence is one of the prescribed goals of every sentencing, *United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008). "'Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006), citing Stephanos Bibas, *White–Collar Plea Bargaining and Sentencing After Booker,* 47 Wm. & Mary L.Rev. 721, 724 (2005). Defendants who commit financial crimes often weigh the financial gain against the possible length of incarceration.

### 4. Protect the Public from Further Criminal Conduct

Another important goal of criminal sentencing is protect the public "from further crimes of the defendant." 18 U.S.C. 3553(a)(2). The United States sincerely hopes that OBIN has learned that crime does not pay and he will not commit another fraud. Talk is cheap, but acceptance of responsibility is to be inferred from deeds and not from weepy *mea culpas* at sentencing. *United States v. Wells*, 154 F.3d 412, 413 (7th 1998), citing *United States v. Beserra*, 967 F.2d 254, 256 (7th Cir. 1992). At this juncture the Court is in the best position to make a determination on this factor.

4

### 5. Kinds of Sentence and the Sentencing Range Established for the Applicable Category of Offense Committed as Set Forth in the Guidelines

In determining the appropriate sentence, "a district court must begin by correctly calculating the applicable Guidelines range." *United States v. Evans*, 526 F.3d 155, 160 (4th Cir. 2008). The advisory Guidelines are "the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). The Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice. . . . [I]t is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007). "[A] Guidelines sentence will usually be reasonable, because it reflects both the Commission's and the sentencing court's judgment as to what is an appropriate sentence for a given offender." *Id*. at 351. Ultimately, however, the appropriate sentence is for the District Court to determine based on the factors enumerated in 18 U.S.C. § 3553(a), and "any sentence, within or outside of the Guidelines range, as a result of a departure or of a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011).

A consideration of the Applicable Sentencing Guidelines is helpful in determining the appropriate need for a stiff sentence. The advisory Sentencing Guidelines promote the "basic aim" of Congress to ensure "similar sentences for those who have committed similar crimes in similar ways." *United States v. Booker*, 125 S. Ct. 738, 760 (2005). Thus, the Guidelines are more than "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005). The applicable Sentencing

5

Case 7:15-cr-00043-EKD   Document 71   Filed 05/18/16   Page 5 of 6   Pageid#: 181

Guidelines range "will be a benchmark or point of reference or departure" when considering a particular sentence to impose. *United States v. Rubenstein*, 403 F.3d 93, 98 (2d Cir. 2005).

## CONCLUSION

For all the reasons set forth above, the United States intends to ask the Court to sentence to the low end of the applicable Sentencing Guideline range and take into account the assistance provided to the United States. Such a sentence is sufficient, but not greater than necessary, to comply with the statutory sentencing objectives and is consistent with the Plea Agreement.

                    Respectfully submitted,

                    JOHN P. FISHWICK
                    United States Attorney

By:    s/ C. Patrick Hogeboom III
        C. Patrick Hogeboom III
        Assistant United States Attorney
        WA Bar Number 16598
        P.O. Box 1709
        Roanoke, Virginia 24008

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of May, 2016, electronically filed the United States Sentencing Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                    s/ C. Patrick Hogeboom III
                    Assistant United States Attorney

6

Case 7:15-cr-00043-EKD   Document 71   Filed 05/18/16   Page 6 of 6   Pageid#: 182