IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 7:15-cr-00043 |
| AUDREY OBIN, | ) | |
| | ) | By: Elizabeth K. Dillon |
| Defendant. | ) | United States District Judge |

**MEMORANDUM OPINION**

Audrey Obin, a federal inmate proceeding *pro se*, has moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time within which Obin had to respond has expired, making this matter ripe for consideration. Upon review of the record, the court will grant the government's motion to dismiss and dismiss Obin's § 2255 motion.

I.

On May 28, 2015, a grand jury charged Obin and two codefendants in an eleven-count indictment with crimes of conspiracy to defraud the Internal Revenue Service ("IRS"), theft of government money, and aggravated identity theft. These charges were based on evidence that Obin filed fraudulent tax returns in order to obtain refunds. Obin retained counsel. He pleaded guilty, pursuant to a written plea agreement, to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (Plea Agree. at 1, Dkt. No. 64.) The government agreed to dismiss the remaining counts against him. The plea agreement included a provision in which Obin agreed to waive his right to appeal or to collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel or claims that cannot be waived by law. (*Id*. at 7.)

At the guilty plea hearing, Obin affirmed that he had had an adequate opportunity to read and discuss the indictment and plea agreement with counsel. (Plea Hr'g Tr. at 8–9, 14–15, Dkt. No. 111.) Obin further affirmed that he was "fully satisfied with the advice and representation given to [him] in this case by [counsel]." (*Id*. at 27.) At the hearing, Obin admitted that he filed tax returns for individuals he did not know and had never met, that he knew that he was providing false information on the returns, and that he wanted to plead guilty because he was, in fact, guilty. (*Id*. at 28–30.) The court then found that Obin was fully competent and capable of entering an informed plea and that his plea of guilty was knowing and voluntary and supported by an independent basis in fact. (*Id.* at 34.)

A presentence investigation report ("PSR") was prepared in anticipation of sentencing. It recommended a guideline imprisonment range of 18 to 24 months' incarceration. (PSR ¶ 51, Dkt. No. 81.) Obin objected to the PSR's loss calculation of $200,000 and the number of victims specified.

At the sentencing hearing on June 15, 2016, the court accepted Obin's guilty plea. (Sent. Tr. at 4, Dkt. No. 113.) Obin withdrew his objections to the PSR, and the court accepted the PSR as written. (*Id*. at 7.) In support of a more lenient sentence, defense counsel argued that Obin was less culpable than his two codefendants (who had fled the country and evaded arrest), that he had cooperated with the government, and that he had a very limited prior criminal history. (*Id*. at 19–20.) The government, too, requested a downward departure to Obin's advisory guidelines range based on a substantial assistance motion. The court considered these arguments and sentenced Obin to a below-guidelines sentence of ten months' incarceration. (*Id*. at 24–25.) In addition, the court imposed a three-year term of supervised release. (*Id*. at 25.) Obin did not appeal.

In his § 2255 motion, Obin argues: (1) that the court erred by failing to reduce his sentence based on the minor role that he played in the conspiracy; and (2) that counsel provided ineffective assistance by failing to advise Obin that he was eligible for a lesser sentence under the safety valve provision of U.S.S.G. § 5C1.2(5). On May 26, 2017, during the pendency of this petition, Obin was released from prison. Currently, he is serving a term of supervised release.[1]

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Obin bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Minor-Role Reduction*

Obin argues that the court erred by failing to consider his limited role in the conspiracy when sentencing him, in accordance with Amendment 794 to the United States Sentencing Guideline ("U.S.S.G.") § 3B1.2. This claim fails for many reasons. First, this issue is waived. Obin's plea agreement expressly waived his right to collaterally attack his sentence other than to raise issues that cannot be waived by law or for ineffective assistance of counsel. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (concluding that collateral attack waivers are generally enforceable following a knowing and voluntary guilty plea, as was the case here).

---

[1] A defendant on supervised release is considered to be "in custody" for purposes of a § 2255 motion, and so his motion is not moot. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

But even if the issue were not waived, he could not prevail. At sentencing, Obin's counsel argued that he was less culpable than his codefendants. The government agreed, "he was not the big leader in this" conspiracy. (Sent. Tr. at 21, Dkt. No. 113.) The court took into consideration the extent of Obin's participation in the conspiracy when it sentenced him to a below-guidelines sentence. Therefore, Obin cannot establish prejudice or that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694.

The fact that the court did not reduce Obin's advisory guideline range specifically pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.2(a), which allows for a reduction if the defendant is less culpable than others involved in the criminal conduct, was not erroneous. Defense counsel did not argue that Obin was entitled to a reduction under U.S.S.G. § 3B1.2(a), and so this claim is procedurally defaulted. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999) (noting that in order to collaterally attack a conviction or sentence, the defendant generally must have raised those claims before the trial court and on direct appeal). Also, Obin has provided no evidence that he would have been entitled to an even greater reduction in his sentence under U.S.S.G. § 3B1.2(a); rather, he merely asserts that his role in the criminal conduct was minimal. This generalized claim is insufficient to support relief in a § 2255 petition. *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (internal quotation omitted). Accordingly, this claim lacks merit.

### B. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish a viable ineffective

assistance claim, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Id*. at 669. When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker*, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland* at 689; *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Obin's claim of ineffective assistance of counsel does not satisfy the stringent requirements of *Strickland*.

Obin argues that his counsel provided deficient performance by failing to argue that he should receive a reduced sentence under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(5). The safety valve permits a first time drug offender who would otherwise face a mandatory minimum sentence to receive a shorter sentence, provided that he meets five statutory requirements. *See* 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(5). This form of relief is limited to defendants "convicted of a drug crime." *United States v. Alfaro-Ramirez*, 129 F. App'x 519, 520 (4th Cir. 2005) (unpublished). Obin pleaded guilty to conspiracy to defraud the

government; he did not plead guilty to any drug-related crime. Therefore, he was not entitled to safety-valve relief. Accordingly, counsel did not provide deficient performance for failing to make a specious argument. *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (concluding that counsel's failure to raise a futile argument did not constitute ineffective assistance of counsel); *see also United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999) (noting that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"). Obin, therefore, has not established that "counsel's representation fell below an objective standard or reasonableness." *Strickland*, 466 U.S. at 688.

III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

Entered: November 27, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge